IN THE UNITED STATES DISTRICT COURT
AND FOR SOUTHERN DISTRICT OF OHIO

07 NOV -5 PM 1:23

UNITED STATES OF AMERICA,

    Plaintiff,

vs             1:02-CR-10- SJD

GERALD HENDRIX,

    Defendant,

**MOTION FOR REDUCTION OF SENTENCE PURUSANT TO 18 U.S.C. 3582(c)(2)**

  On May 1, 2007, United States Sentencing Commission (U.S.S.G.) proposed an amendment to the Federal Sentencing Guidelines that if enacted will reduce the base offense level for "crack cocaine" offense by two level's resulting in shorting sentence. The Sentencing Commision to make Amendment 9 retoactive under 2D1.1(c) application 1B1.10(c) to those who were sentence before November 1, 2007.

1. Defendant comes, before this court seeking an reduction of his prison sentence to Title 18 USC § 3582(c)(2), defendant asks this court to give retoactive effect to Amendment 9 under USSG § 1B1.10(c), and reduce his current sentence of One Hundered & Twenty (120 ) months to the amended sentence of (100) months.

2 Defendant wish this court to visit Booker, which made the sentencing guidelines **advisory**, applies to resentencing proceeding brought

1

statute authorizing court to modify a sentence based on subsequent lowering of Sentencing Guidelines range, and thus the newly calulated guidelines range is **advisory**: Booker made clear that the guidelines were no longer mandatory in any context, 18 USC§ 35829C0(2).

3.  Booker, struck down the "mandatory application" of the guidelines, all the guidelines range have been "subsequently lowered" by virtue of Booker, decision. Section § 3553(b) requirement that the judge only consider "the Sentencing commission, policy statement and the official commenary of the Sentencing Commission." See U.S. vs Hicks, 472 F. 3d 1167 (9th Cir. 2007), Hicks, did not argue that he deserves a § 3582(c)(2), resentencing because of Booker, his entitlement was base on § 3582(c)(2) a proceeding that occured because the Sentencing Commission 2D1.1(c) application sentencing range two points. Hicks, also, cited U.S. vs Ono, 72 F.3d 101-102, (9th Cir. 1995), "which stated, the purpose of § 3582(c)(2) motion is resentencing."

4.  The court next consider the factors contained in 18 USC§ 3582(c)(2), and excercise its discretion whether or not to modify the orginal sentence previously imposed, See U.S. vs Wyatt, 115 F.3d 606-609, (8th Cir. 1997) although the court **did state it was bound by the guidelines** accordingly district court should simply determine defendant guideline range that would had applied in this case had the Amendment 9 been in effect ab inito, here the relevant guideline range would be 28 with acceptance of responsibilty three points at level 24 100 months.

WHEREFORE, defendant respectfully request that this court GRANT defendant Motion for Reduction of Sentence purusant to Title 18 USC § 3582(C)(2) 1B1.10(c) Amendment 9 that went into effect on November 1, 2007

lowering "crack cocaine" offense two points 2D1.1(c) and resentence defendant at the lowered end of the guidelines.

Respectfully submitted

*Gerald Hendrix*

pro-se Gerald Hendrix 03511-061
P.O.Box 10
Lisbon, Ohio 44432

CERTIFICATE OF SERVICE

I, certiy that an true copy of defendant Motion for Reduction of Sentence was mail to Department of Justice US Attorney Office at 221 East 4th Street Suite 400, Cincinnati, Ohio 45202 on this <u>30th</u> day of October 2007

*Gerald Hendrix*
Gerald Hendrix