UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


UNITED STATES OF AMERICA     :     CR-1-02-010
                             :
                             :     **UNITED STATES' RESPONSE IN**
        v.                   :     **OPPOSITION TO DEFENDANT'S**
                             :     **MOTION TO REDUCE SENTENCE**
                             :
GERALD HENDRIX               :     J. Dlott

- - - - - - - - - - - - - - - - - - - - -


    Gerald Hendrix has filed a *pro se* motion for reduction of
sentence pursuant to 18 U.S.C. § 3582(c)(2).  The defendant's
motion must be denied because, as a career offender, the
amendment does not have the effect of lowering the defendant's
guidelines range.

    Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence
may *only* be reduced when he was "sentenced to a term of
imprisonment based on a sentencing range that has subsequently
been lowered by the Sentencing Commission."  Further, under the
statute, a reduction is allowed only when "such a reduction is
consistent with the applicable policy statements issued by the
Sentencing Commission."  In its revisions to Section 1B1.10, the
Commission, consistent with the statutory directive that a
reduction should occur only where the defendant's sentencing
range was lowered, made clear that a sentencing court is not
authorized to reduce a defendant's sentence when a retroactive
amendment does not result in lowering the applicable sentencing
range for the defendant.  Specifically, subsection (a)(2)(B)

states:  "A reduction in the defendant's term of imprisonment is
not consistent with this policy statement and therefore *is not
authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment
listed in subsection (c) does not have the effect of lowering the
defendant's applicable guideline range."  U.S.S.G. § 1B1.10
(a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here,
application of the pertinent amendment does not result in a
different sentencing range, no reduction of sentence may occur.
See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984
(5th Cir. 1997) (although a retroactive amendment reduced the
defendant's offense level, the new level (44) still required the
sentence of life imprisonment which was imposed, and the district
court properly denied the motion summarily); United States v.
Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly
denied where the sentence would not be different under new
guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir.
1996) (although a retroactive amendment to the career offender
guideline changed the definition of a statutory maximum, the
amendment did not benefit the defendant given that the maximum
penalty for his offense, bank robbery, was the same under either
definition, and thus the guideline range was the same); United
States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the
district court did not abuse its discretion in denying the §
3582(c)(2) motion, where an alternative means of sentencing
permitted by the applicable guideline produced the same offense

2

level which applied earlier); <u>United States v. Armstrong</u>, 347
F.3d 905, 908 (11th Cir. 2003) (the district court correctly
denied the motion, where the defendant's offense level was not
altered by the subject of the retroactive amendment); <u>United
States v. Young</u>, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001)
(district court properly denied motion where the sentence was
actually based on considerations not affected by the retroactive
guideline amendment).

In this case, the defendant's sentence did not rest on the
provision regarding crack cocaine in Section 2D1.1, which has
been amended.  Under the version of Section 2D1.1 in effect at
the time of sentencing, the defendant's base offense level for
the crack offense was 32; that would be reduced to 30 pursuant to
Amendment 706.  However, the defendant was a career offender,
based on his prior convictions for other drug trafficking
offenses, and accordingly his base offense level was increased to
34 pursuant to Section 4B1.1.  (PSR ¶ 48.)  The Career Offender
enhancement is independent from the Drug Quantity Table at §2D1.1
and it is unaffected by Amendment 706. The defendant's offense
level remains exactly what it was at the time of sentencing.
Section 1B1.10 directs:  "the court shall substitute only the
amendments listed in subsection (c) for the corresponding
guideline provisions that were applied when the defendant was
sentenced and shall leave all other guideline application
decisions unaffected."  U.S.S.G. § 1B1.10 (b)(1).  Accordingly,
the defendant may not receive any relief under Section 1B1.10.

3

Courts which have addressed the career offender scenario are unanimous in so holding. See, e.g., United States v. LaFrance, 2008 WL 447548 (D.Me. Feb. 19, 2008); United States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United States v. Turner, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

Because Mr. Hendrix was sentenced as a career offender, he is not eligible for a reduction of sentence as a matter of law. His motion should properly be denied.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/William E. Hunt
WILLIAM E. HUNT (0024951)
First Assistant U.S. Attorney
221 East Fourth Street
Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-6710
William.Hunt@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served this 24th day of April, 2008, by regular U.S. Mail on Gerald Hendrix, #03511-061, P.O. Box 10, Lisbon, OH 44432.

s/William E. Hunt
WILLIAM E. HUNT (0024951)
First Assistant U.S. Attorney